UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x
Romina Rodriguez

                          Plaintiff,

    -v.-

Forster, Garbus & Garbus

                         Defendant.
------------------------------------------------------------------------x

Civil Action No: _____

**COMPLAINT**

Plaintiff Romina Rodriguez("Plaintiff" or "Rodriguez") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Forster, Garbus & Garbus ("Defendant" or "FGG ") respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

**PARTIES**

2. Plaintiff is a resident of the State of New Jersey, County of Passaic, residing at 15 Knoble Place, 2nd Floor, Hawthorne, NJ 07506.

1

3. Forster, Garbus & Garbus is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 60 Motor Parkway, Commack, NY, 11725.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around August 6, 2014, the Defendant caused to be delivered to the Plaintiff a letter (the "Letter") addressed to the Plaintiff, seeking collection of the Alleged Debt.

10. The Letter is a "communication" as defined by 15 U.S.C.§ 1692a(2).

11. The Letter was mailed in a window envelope.

12. The envelope provided a window which displayed personal and confidential information belonging to the Plaintiff, specifically, the file number identifying the debt.

13. The aforementioned information displayed through the window is personal identifying information relevant to the Alleged Debt.

14. Further being sent in a windowed envelope, the Quick Response Code (QR Code) and bar code containing sensitive, personal and financial information of the Plaintiff was visible from the window of the envelope.

15. Many consumers have QR/bar code application already installed on their phones to enable them to access QR/bar codes.

16. When the QR/bar code is scanned information such as the account number that is associated with the debt will be disclosed as well as the debt collector.

17. The aforementioned information is personal identifying information relevant to the Alleged Debt.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692f, and 1692f(8).

20. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Romina Rodriguez demands judgment from Defendant Forster, Garbus & Garbus as follows:

    a)    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

    b)    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

    c)    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)    A declaration that the Defendant's practices violated the FDCPA; and

    e)    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 27, 2015

/s/Yaakov Saks
Yaakov Saks
**RC Law Group, PLLC**
By:Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 201
Fax: 201.282.6501